

# The Attorney General
## of Texas

Austin, Texas 78711

JOHN L. HILL
ATTORNEY GENERAL

April 21, 1975

The Honorable Mark White, Jr.
Secretary of State
State Capitol Building
Austin, Texas

Opinion No. H- 588

Re: Effect of Federal Election Campaign Amendments of 1974 on state campaign reporting and disclosure requirements for federal candidates.

Dear Secretary White:

You have asked our opinion on several questions relating to the Federal Election Campaign Act Amendments of 1974. See Attorney General Opinion H-433 (1974). Your questions concern the continued vitality of the remainder of chapter 14 insofar as it purports to cover federal candidates. Your first question asks:

> Does the Federal Election Campaign Act of 1971, as amended by the Federal Campaign Act Amendments of 1974, preempt or supersede provisions of Chapter 14, Vernon's Texas Election Code, and, if so, which provisions therein are so preempted or superseded? As of what dates are such various provisions of Chapter 14 superseded or preempted?

Section 301 of the 1974 Federal Act amended section 403 of the 1971 Act so that it now reads:

> The provisions of this Act, and of rules prescribed under this Act, supersede and preempt any provision of State law with respect to election to Federal office.

The purpose of this clause was explored in Attorney General Opinion H-433 (1974). It was apparently the intent of the House Committee on Administration to preempt all state and local reporting and disclosure laws insofar as they affected federal candidates. H. R. Rep. No. 93-1239, 93rd Cong., 2d Sess., p. 10 (1974). The 1974 Act was the mechanism chosen by Congress to reduce the burden on candidates for federal office from a maximum of 51 different laws with which to comply to one law, i.e., federal law. 120 Cong. Rec. H7896 (daily ed. August 8, 1974).

In light of the rather explicit language of section 301 of the 1974 Act and the expressions of congressional intent, it is our opinion that effective on October 15, 1974, the Federal Election Campaign Act of 1971, as amended by the Federal Campaign Act Amendments of 1974, preempted and superseded all provisions of Chapter 14 of the Texas Election Code with respect to election to Federal Office.

Your second question asks:

> Are all reporting requirements of Chapter 14, Vernon's Texas Election Code, relating to elections (as defined in Chapter 14, Vernon's Texas Election Code) which occurred prior to the effective date of the superseding or preempting provision of the Amendments still in effect for federal candidates? More particularly, is a federal candidate still required to file a sworn statement by January 15, 1975, pursuant to Article 14.08(h)(5)(ii) Vernon's Texas Election Code, which statement relates exclusively to the May 4, 1974, general-primary election?

Given the explicit language of preemption contained in section 301 of the 1974 Act, we must conclude that a federal candidate is no longer required to file a sworn statement of contributions and expenditures by January 15 following the deadline for filing the first supplemental statement of contributions and expenditures, pursuant to article 14.08 (h)(5)(ii) of the Election Code. Of, course, federal law requires candidates for federal office to file similar reports, copies of which must be filed with the Secretary of State of Texas. 2 U.S.C. §§ 304, 317, as amended by the 1974 Act.

Your third and sixth questions touch upon common ground. In essence, they ask:

> Do the Amendments supersede or preempt the requirements of Chapter 14, Vernon's Texas Election Code, applicable to political committees (in-state and out-of-state) which make expenditures on behalf of or make contributions to candidates for federal office?

Effective October 15, 1974, the reporting requirements of article 14.08(g) of the Election Code were rendered inapplicable to candidates seeking election to federal office by section 301 of the 1974 Act. The activities of political committees on behalf of federal candidates are now regulated by sections 302, 303, 304 and 317 of the 1971 Act as amended by the 1974 Act. Of course, committees acting on behalf of state candidates must continue to comply with the state reporting requirements.

Your fourth question asks:

> Must a printer, publisher or broadcaster comply with the requirements of Article 14.10, Vernon's Texas Election Code, upon acceptance of political advertising for printing, publication, or broadcasting from a candidate for federal office?

Section 301 of the 1974 Act, which amends section 403 of the 1971 Act, provides for preemption of "any provision of State law with respect to election to Federal office." (Emphasis added). The plain meaning of the emphasized language cannot be restricted to state law directly affecting the candidate and supporting campaign personnel; rather, it appears to cover every facet of the elective process.

As to the contention that the state and federal law can co-exist in the sphere of media responsibilities, it has long been held that "supersede" means to "set aside," "annul," "make void, useless or unnecessary by superior power. . . . " Willbanks v. Montgomery, 189 S.W.2d 337, 339 (Tex. Civ. App. --Ft. Worth 1945, ref'd., w.o.m.). Also see City of Los Angeles v. Gurdane, 59 F.2d 161 (9th Cir. 1932). In the latter case an argument was made that merely because a law was superseded, it did not necessarily follow that it was "obliterated." The court, however, concluded that "unfortunately for the appellees' argument . . . that is precisely what 'superseded' does mean." 59 F.2d at 163.

It is our opinion that printers, publishers and broadcasters need no longer comply with the requirements of article 14.10, Election Code, insofar as it relates to candidates for federal office. We therefore answer your fourth question in the negative.

Your fifth question asks:

Do the Amendments preempt or supersede the
civil and criminal liabilities of federal candidates,
corporations or other persons who have violated any
provisions of state elections laws prior to the effective
date of the Amendments?

Section 406 of the 1971 Act, as amended, states in subsection (b)(2):

(b)  Notwithstanding any other provision of law

. . .

(2)  no criminal proceeding shall be instituted against
any person for any act or omission which was a violation
of any provision of title III of this Act, or section 608, 610,
611, or 613 of title 18, United States Code, as in effect
on December 31, 1974, if such act or omission does not
constitute a violation of any such provision, as amended
by the Federal Election Campaign Act Amendments of
1974.  (Emphasis added).

This section bars the initiation of proceedings against any person for violations
of various provisions of the 1971 Act if the actions which constituted the vio-
lations are not violations of any provisions of the 1974 Act.  It refers only to
title III of the 1971 Act and four sections of title 18 of the United States Code.
It does not by its terms include offenses committed under the laws of any
State.  While it could be argued that section 406 would apply to actions which
were violations of both state and federal law, we believe that no such construc-
tion was intended.  Had Congress intended to bar state prosecution of offenses
committed prior to October 15, 1974, it would have so indicated.  The specific
preemption of state law contained in sections 104 and 301 of the 1974 Act compels
the conclusion that in those instances in which Congress intended to supersede
state law, they did so in clear, unambiguous language.  Section 406 also
provides that "(n)othing in this subsection shall affect any proceeding pending
in any court of the United States on the effective date of this section" (emphasis
added).  From that language we may properly infer that in section 406
Congress intended to affect only proceedings instituted in federal court based
on the former federal law.

We therefore answer your fifth question in the negative.

## S U M M A R Y

The Federal Election Campaign Act of 1971, as amended by the Federal Campaign Act Amendments of 1974, preempts and supersedes all provisions of chapter 14, Texas Election Code, insofar as they relate to candidates for federal office.

Printers, publishers and broadcasters need no longer comply with the requirements of article 14.10 as they relate to candidates for federal office.

Prosecutions for violations of state election laws which occurred prior to October 15, 1974, are not barred by the 1974 amendments to the Federal Election Campaign Act of 1971.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee